UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

QUINCY WILLIAMS,

        Petitioner,

vs.        Case No. 2:04-cv-410-FtM-33DNF
      Case No. 2:03-cr-96-FTM-29DNF

UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION AND ORDER**

     This matter comes before the Court on review of the file. On April 14, 2005, the Court entered an Opinion and Order (Doc. #12) granting in part and denying in part defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Court found that the defendant established ineffective assistance of counsel for failure to file a Notice of Appeal when instructed to do so. Defendant was then re-sentenced to the same sentence as originally imposed, and the Clerk was directed to enter a new Judgment in the criminal case. See Second Judgment (Criminal Case, Doc. #44). Defendant was also advised of his right to appeal the "conviction and sentence" in the Judgment and his right to counsel for the belated direct criminal appeal. The Court otherwise found defendant's Booker[1] arguments to be without merit. On April 18, 2005, appointed counsel filed a Notice

---

[1] 125 S. Ct. 738 (2005).

of Appeal (Doc. #45) in the criminal case from the Second Judgment (Doc. #44).

On April 28, 2005, the Court granted leave to appeal in forma pauperis and appointed counsel for the appeal stemming from the new Judgment and conviction in the criminal case, a copy of which was placed in the civil case for record purposes. The Order did not appoint counsel for purposes of appealing the § 2255 petition. On April 22, 2005, the Court entered an Opinion and Order (Doc. #48) denying defendant's Emergency Motion to Correct Sentence Pursuant to Rule 35(a) based on Booker.

On May 2, 2005, defendant filed pro se Notice of Appeal (Doc. #54) from the Opinion and Order denying defendant's Rule 35(a) motion. On April 22, 2005, defendant filed a pro se Notice of Appeal (Doc. #13) in both the civil and criminal files from the Opinion and Order granting partial relief on the § 2255 habeas petition.

Therefore, there are three pending Notices of Appeal: (1) by counsel from the Second Judgment; (2) by defendant from the Opinion and Order granting in part and denying in part the § 2255; and (3) by defendant from the Opinion and Order denying Rule 35(a) relief based on Booker.

The Notice of Appeal from the Opinion and Order granting in part the § 2255 is deemed to include a request for a certificate of appealability. Under 28 U.S.C. § 2253(c)(1), an appeal cannot be

taken from a final order in a habeas proceeding unless a certificate of appealability issues. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 121 S. Ct. 1738 (2001). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. at 336.

In this case, the Court granted defendant partial relief and decided the issues on the merits. The Court finds, upon review, that petitioner has failed to show that jurists of reason would find the Court's assessment of the constitutional claim debatable

or wrong.  Therefore, the request for a certificate of appealability will be denied.  As a result, leave to proceed <u>in forma pauperis</u> to the extent applicable to the appeal from the Opinion and Order on the § 2255, is denied.

Accordingly, it is now

**ORDERED**:

1.  The Notice of Appeal (Doc. #45) from the Second Judgment does not need a certificate of appealability.

2.  Petitioner's request for a certificate of appealability, deemed included in the Notice of Appeal (Doc. #49) from the Opinion and Order granting in part the § 2255, is **DENIED.**

3.  To the extent that a certificate of appealability is required for the Notice of Appeal (Doc. #54) from the Opinion and Order denying defendant's Rule 35(a) motion, that request is denied as frivolous.

4.  To the extent that petitioner seeks to proceed <u>in forma pauperis</u>, that request is also denied.

**DONE AND ORDERED** at Fort Myers, Florida, this ___15th___ day of June, 2005.

JOHN E. STEELE
United States District Judge

Copies:
USCA
Parties of Record